**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION**

| | |
|---|---|
| **JESSIE LEE HOWELL,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 3:17-CV-0794-VEH |
| **INGE P. JOHNSON, et al.,** | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

The *pro se* Plaintiff in this matter has filed an action pursuant to 42 U.S.C. § 1983 against the following Defendants: Inge P. Johnson, a former judge for the 31st Judicial Circuit Court of Alabama[1]; Gary W. Alverson, the former District Attorney for Colbert County, Alabama; William J. Underwood, identified as the Plaintiff's "public defender attorney;" and Jacqueline M. Hatcher, identified as "public defender attorney/judge." All defendants are sued in both their individual and official capacities.

Although few specifics are pled in his Complaint, the Plaintiff does claim that, on June 22, 1994, "Judge Inge P. Johnson gave a jury instruction on a felony charge

---

[1] Judge Johnson was also formerly a federal judge in this district.

for 2nd degree assault [which was] not return[ed] by [the] grand jury." (Doc. 1 at 5). No specific acts are alleged against the other Defendants, but it is generally alleged that all Defendants "conspired" to deprive the Plaintiff of his rights. According to the Plaintiff, the Defendants' conduct caused him to be illegally detained, unjustifiably imprisoned, and unlawfully deprived of his liberty, by being jailed for 20 years, in violation of his rights under the "5th, 6th, and 14th Amendments to the United States Constitution." (Doc. 1 at 3). He seeks only monetary damages as relief.[2]

The Plaintiff has also filed a Motion for Leave To Proceed *In Forma Pauperis*. (Doc. 2). Pursuant to 28 U.S.C. § § 1915(e), this court is required to screen complaints against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint found to be frivolous, malicious, which fails to state a claim upon which relief can be granted, or which seeks monetary relief from a defendant who is immune from such relief.[3] Further, "in an action proceeding under § 1983 the court may consider *sua sponte* any affirmative defenses apparent from the face of the complaint. *Orr v. Bentley*, No. 2:16-CV-119-WHA, 2016 WL 3024944, at *2 (M.D. Ala. Apr. 15, 2016) (Borden, M.J.), report and

---

[2] He also asks that "the defendants be brought to justice and tried for their crimes" (doc. 1 at 5), a form of relief which is not available under section 1983.

[3] This applies to prisoners and non-prisoners (like the plaintiff) alike. *See, Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 (11th Cir. 2004).

recommendation adopted, No. 2:16-CV-119-WHA, 2016 WL 3010229 (M.D. Ala. May 25, 2016), appeal dismissed (Aug. 3, 2016) (*citing Clark v. Ga. Pardons & Par. Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990)).

On June 13, 2017, this Court entered an order which stated:

The Complaint filed in this case appears to be frivolous in that it is barred by the applicable statute of limitations. The Plaintiff shall **SHOW CAUSE** no later than June 28, 2017, why this action is not barred by the applicable statute of limitations. The Court **DEFERS** a ruling on the pending motion to proceed in forma pauperis (doc. 2) until the statute of limitations issue is resolved.

(Doc. 4 at 1). In response to that Order, the Plaintiff has filed document 5, in which he states that the running of the statute of limitations in this matter was tolled by Ala. Code § 6-2-8(a).[4]

As currently worded, Ala. Code § 6-2-8(a) reads, in pertinent part:

If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action[.]

Ala. Code § 6-2-8(a). Notably, the Alabama state legislature, in a 1996 amendment,

---

[4] In actions brought pursuant to 42 U.S.C. § 1983, this Court must borrow the state statute of limitations and the coordinate state tolling rules. *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 484, 100 S. Ct. 1790, 1795, 64 L. Ed. 2d 440 (1980)

3

removed "imprisonment" as a disability under the tolling provision. The previous version of the statute read, in pertinent part:

> If anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . <u>imprisoned on a criminal charge for any term less than life</u>, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action[.]

*Holt v. Baker*, No. 617CV00359KOBJEO, 2017 WL 2351598, at *4 n. 2 (N.D. Ala. May 31, 2017) (Bowdre, J.) (emphasis added) (imprisoned plaintiff could not benefit from Ala. Code § 6-2-8 as he was neither an infant nor insane); *see also, Orr*, 2016 WL 3024944, at *2 (same). The statute does not apply to toll the Plaintiff's action.

Of course, an argument could be made that the pre-1996 version of the statute should apply since the Plaintiff claims that the "events giving rise to [his] claim[]" occurred on "June 22, 1994." (Doc. 1 at 5). However, even if this Court applied the earlier version of the statute, that version, and the current version, both state that "no disability shall extend the period of limitations so as to allow such action to be commenced . . . after the lapse of 20 years from the time the claim or right accrued." *Emerson v. S. Ry. Co.*, 404 So. 2d 576, 578 (Ala. 1981) (quoting pre-1996 version of the statute); *see also* current version of ALA. CODE § 6-2-8(a) ("No disability shall extend the period of limitations so as to allow an action to be commenced . . . after the lapse of 20 years from the time the claim or right accrued."). Since more than 20

4

years elapsed since June 22, 1994, the date the Plaintiff's cause of action accrued[5], his claim is time-barred.[6]

In addition, the Plaintiff's claims against Judge Johnson and former Colbert County District Attorney Gary Alverson are due to be dismissed on their merits. First, in their official capacities, both are entitled to Eleventh Amendment immunity for section 1983 claims against them. *See, Caffey v. Alabama Supreme Court*, 469 F. App'x 748, 751 (11th Cir. 2012) (judges); *Harris v. Falls*, 920 F. Supp. 2d 1247, 1256 (N.D. Ala. 2013) (Blackburn, J.) (district attorneys).

Next, in her individual capacity, Judge Johnson is entitled to "absolute judicial immunity from damages for those acts taken while [she was] acting in [her] judicial capacity unless [she] acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal citations and quotations omitted). The Plaintiff's individual capacity claim against Judge Johnson arises out of Judge Johnson's actions while presiding over the Plaintiff's criminal trial. There is no

---

[5] "[A] § 1983 claim . . . accrues . . . upon the occurrence of the alleged violation." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1124 (11th Cir. 2017).

[6] The new version of the statute also provides: "Nothing in this section shall be interpreted as denying any imprisoned person the right to commence an action enumerated in this chapter and to make any proper appearances on his or her behalf in such actions." Ala. Code § 6-2-8(a). This language too was added in the 1996 amendments. The wording merely makes it clear that the removal of "imprisonment" as a disability under the tolling statute was not intended to deny prisoners a right to relief altogether.

allegation that she acted in the clear absence of all jurisdiction. Accordingly, Judge Johnson entitled to absolute immunity from damages. *See Twilley v. Riley*, 285 F. App'x 717, 719–20 (11th Cir. 2008).

Similarly, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (internal quotations and citations omitted). The allegations in the Complaint all concern the actions of Alverson in his capacity as an advocate for the State of Alabama in the Plaintiff's prosecution. Accordingly, in his individual capacity, he too is entitled to absolutely immunity.

As to Underwood and Hatcher, it is well settled that a private attorney representing a defendant in a criminal case does not act "under color of state law" and therefore cannot be liable in an action brought under 42 U.S.C. § 1983, absent specifically pled facts showing a conspiracy between the attorney and public officials. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Rolle v. Raysor*, 267 Fed. Appx. 925 (11th Cir. 2008). This is true even if the attorneys are employees of the public defender's office. *Burns v. Jorandy*, 332 Fed.Appx. 602 (11th Cir. 2009); *Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985). In this case, not only are the plaintiff's claims against his counsel couched in extremely vague terms, but because there are no specific facts pled to suggest a conspiracy between the attorneys and state

officials, the plaintiff cannot maintain an action against them under § 1983.[7]

A final judgment consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this 28th day of June, 2017.

                                                                  /s/ Virginia Emerson Hopkins
                                                                  **VIRGINIA EMERSON HOPKINS**
                                                                  United States District Judge

---

[7] To the extent that Hatcher is a "judge," the claims against her are due to be dismissed for the same reasons that the claims against Judge Johnson will be dismissed.